UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | | |
|---|---|---|
| KIMONLYN MINOR | : | CIVIL ACTION NO. 6:21-CV-04036 |
| VERSUS | : | JUDGE ROBERT R. SUMMERHAYS |
| LOUISIANA STATE UNIVERSITY AT EUNICE, ET AL | : | MAGISTRATE JUDGE PATRICK J. HANNA |

: : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : :

**MEMORANDUM IN OPPOSITION TO PLAINTIFF'S
MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**

Defendants, **LOUISIANA STATE UNIVERSITY AT EUNICE (hereinafter "LSUE"),** the **BOARD OF SUPERVISORS OF LOUISIANA STATE UNIVIERSITY AGRICULTURAL AND MECHANICAL COLLEGE (erroneously referred to as "The LSUE Board of Supervisors)(hereinafter "the BOARD"),** and **KYLE SMITH, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS ASSOCIATE VICE CHANCELLOR FOR STUDENT AFFAIRS AND DEAN OF STUDENTS FOR LOUISIANA STATE UNIVERSITY AT EUNICE (hereinafter "DR. SMITH")**, respectfully submit this Opposition to Plaintiff's Motion for Leave to File Amended Complaint, because the proposed amendments will do nothing to change or defeat the <u>unopposed motion to dismiss</u> which is currently pending before this Honorable Court.

**BACKGROUND**

A.   *Minor enrolls in the LSUE nursing program; is informed of the requirements under the Code of Student Conduct as well as the criteria for retention, progression, and re-entry/readmission process for the LSUE nursing program; but struggles to meet*

–1–

*academic requirements and criteria.*

Plaintiff enrolled at LSUE as a nursing student in the Fall semester of 2017, at which time she was made aware of her obligation to abide by the LSUE Code of Student Conduct at all times during her enrollment at LSUE. The Code of Student Conduct sets out certain rules and regulations that LSUE students are required to follow, and puts students on notice of the processes, procedures, and potential consequences which may result from violations of it. Specifically, it states that, "[i]t is the responsibility of each individual student to be familiar with and adhere to the Louisiana State University Eunice Code of Student Conduct, which will hereafter be referred to as the "Code." At all times pertinent to the subject incident of this lawsuit, Plaintiff was aware that she was obligated to abide by the Code.

Section 10.1 of the Code addresses Academic Misconduct, and establishes that "Failure to Follow Course Requirements" and "Unauthorized Materials" are both considered misconduct under the Code. The Code further defines Failure to Follow Course Requirements as, "[f]ailure to adhere to standards of conduct for academic integrity that are promulgated by an academic unit and/or instructors." If further defines Unauthorized Materials as, "[u]sing materials, techniques, or devices on an academic assignment that are prohibited; *having any forbidden and unauthorized material in sight during a test/quiz will be considered utilization of the material*."

Plaintiff alleges that she was ". . . admitted into LSUE's nursing program. In this program, Plaintiff maintained an extremely high grade point average (GPA)." Doc. 1, ¶ 58. Upon enrolling in the nursing program, Plaintiff was also obligated to abide by the LSUE Nursing Student Handbook, and was informed that in order to be retained and progress in the nursing program, a

–2–

student must not earn a "D", "F", "NC", and/or "W" in any nursing course *more than once*. Under the LSUE Nursing Student Handbook, any student who obtains a *second* "D", "F", "NC", and/or "W" in any nursing course will be dismissed from the program. During the Fall semester of 2018, Plaintiff received a final grade of "NC" in Nursing Concepts II and Nursing Pharmacology II, and an "F" in Nursing Clinical Practice II.

B. *Minor requests and is granted disability accommodations at LSUE; is informed of her responsibility to request test accommodations a minimum of three weekdays prior to each test; Minor neither requested nor arranged to receive testing accommodations for the October 28, 2020 NURS 2532 Exam; is caught and charged with using unauthorized materials and failing to follow course requirements in violation of the LSUE Code of Student Conduct.*

In her Complaint, Plaintiff references the disability accommodations she received from LSUE. Doc. 1, ¶¶ 16-17. Specifically, she alleges that, ". . . Defendant LSUE was fully aware of plaintiff's disability. *LSUE had previously granted <u>multiple accommodations</u> for her disabilities*, including allowing Plaintiff to take exams at the LSUE testing center and allowing Plaintiff extra time to take her exams." Doc. 1, ¶ 61, p. 13. What she has failed to allege, however, is that she requested accommodations for the October 28, 2020, exam. <u>Ms. Minor was fully aware of her affirmative duty to request testing accommodations a minimum of three weekdays prior to each test pursuant to LSUE's Disability Services policies, and did in fact request accommodations prior to multiple examinations that semester, except for the Exam 2 of NURS 2532 on October 28, 2020</u>. Despite having prior knowledge and experience with the required procedure to request test accommodations, Plaintiff simply opted out requesting test accommodations altogether, advising her professors that she preferred not to use the testing center services or its computers. Doc. 1, ¶ 19, p. 5. Nowhere in the Complaint does there lie any allegation that Ms. Minor requested

–3–

reasonable accommodations for the October 28, 2020, exam, nor did she allege a request for accommodations with regards to any subsequent review of any her exams.

On the date of the exam at issue, students were allowed to have scratch paper, which was provided by the faculty at the time of testing. All scratch paper was to be turned in at the *end of the exam*. However, at the end of the exam, after the students had been required to turn in their scratch paper, the instructor asked Plaintiff to show the test upload screen on her laptop, which is the standard practice for all students. The instructor was required to ask Ms. Minor to open the laptop and show the test upload screen twice. After the first request, Plaintiff stated that the test was complete and refused to comply. She subsequently complied upon being asked a second time to open her laptop, at which time she was found to be in possession of a piece of scratch paper after the time to turn in all scratch paper had passed. The scratch paper included information related to the exam, and Plaintiff's retention of the paper after having been instructed to turn it in was in violation of both the nursing program guidelines, as well as the Code of Student Conduct. This incident of alleged incident misconduct was reported to Kyle Smith in accordance with Section 7.2 A of the Code.

**C.** ***Minor is provided written notice of the charges against her; attends accountability meeting; receives written notice of the accountability outcome finding her responsible for charges and sanction of zero credit for Exam 2 in NURS 2532; appeals to the University Hearing Panel (UHP) and attends UHP hearing; is given written notice of the UHP decision to uphold the decision to find her responsible for charges.***

On November 5, 2020, a charge letter was sent to Kimonlyn Minor in accordance with the LSUE Code of Student Conduct, which provided written notice of the alleged violations of the LSUE Code of Student Conduct for Unauthorized Materials and Failure to follow Course

Requirements. The Charge letter further advised that, pursuant to Section 6.2 B of the Code of Student Conduct, she was required to meet with a student conduct hearing officer on November 6, 2020, regarding the charges against her. The Code further provides that once misconduct has been reported, the university ". . . *may* investigate any alleged or potential Misconduct. . . . The investigation can begin <u>before or after</u> a Charge Letter has been issued."

Ms. Minor attended an Accountability Meeting with Defendant, Kyle Smith, on November 6, 2020, at which time she was allowed to respond to the charges against her before an outcome determination was made. Thereafter, on November 6, 2020, Plaintiff was issued a written notice of the outcome and findings that she was responsible for violating the Code for Unauthorized Materials and Failure to Follow Course Requirements. The November 6th notice further advised Plaintiff that:

> According to Section 11.4.A.1 of the Code of Student Conduct, the *minimum sanction* for a violation for academic misconduct *must be a failing grade in the course*. <u>I found mitigating circumstances to be Ms. Minor's status as a first generation college student to lower the sanction to failing the assignment</u>. Also, according to Section 11.4.A.1 of the Code, 'in no instance may the Student receive credit for the exam on which the violation occurred.'

As a result of these findings, Plaintiff was sanctioned to receive zero credit for Exam 2 in Nurse 2532.

Plaintiff subsequently appealed the outcome of the Accountability Meeting, and requested to have the University Hearing Panel (UHP) to review the charges brought against her. [Court Doc. #1, ¶ 40, p. 9]. At the hearing, Ms. Minor was accompanied by her counsel, and was provided an opportunity to be heard, ask questions, and dispute the charges against her. Ultimately, the UHP upheld the findings and sanction of zero credit for the October 28, 2020, exam. Ms. Minor was

afforded and availed herself of the appropriate due process procedures in relation to the charges of misconduct, and subsequently appealed the UHP's findings to the Chancellor, who also determined that the findings would be upheld.

**D.** ***Minor is dismissed from the LSUE nursing program for failure to meet the criteria for retention/progression; files suit in federal court against LSUE, the Board of Supervisors of Louisiana State University Technical and Mechanical College (the Board), and Kyle Smith.***

Throughout the remainder of the fall semester of 2020, Plaintiff resumed her normal practice of requesting accommodations prior to her exams, and was provided the requested accommodations. Despite having only received zero credit for the one assignment in connection with her misconduct, Ms. Minor ultimately received her second failing final grade in one of her nursing courses. As provided in the LSUE Nursing Student Handbook, the second failing grade in a nursing course mandated Plaintiff's dismissal from the program. She subsequently filed the instant action against Defendants herein on November 22, 2021.

On February 25, 2022, Defendants moved to dismiss Plaintiff's Complaint against them pursuant to Rules 12(b)(4), 12(b)(5), and 12(b)(6). The crux of the grounds for the defendants' motion to dismiss were: 1) LSUE's status as a non-juridical entity lacking capacity to sue or be sued; 2) plaintiff's failure to properly request and effectuate service on the Board as required under La. R.S. 13:5107 and La. R.S. 39:1538; and 3) the plaintiff's failure to allege facts which would suffice to state a plausible claim for relief under Title II of the Americans with Disabilities Act, Section 504 of the Rehabilitation Act of 1983, and 42 U.S.C. § 1983. On March 15, 2022, Plaintiff filed a Motion for Extension of Time to File a Response to the motion to dismiss; <u>however, the Court did not grant plaintiff an extension of time</u>. See Docs. 18 and 19. Subsequently, on April 7,

–6–

2022, the Court, sua sponte, granted Plaintiff an extension of time in which to file an opposition *on or before April 18, 2022*. See Doc. 26. <u>To date Plaintiff has filed no opposition to the defendants' pending motion to dismiss</u>. Thereafter, on April 28, 2022, Plaintiff filed the instant Motion for Leave to File an Amended Complaint. Doc. 29. Accordingly, defendants herein oppose Plaintiff's Motion for Leave to File an Amended Complaint.

## LAW AND ARGUMENT

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that a party may amend its pleading with the opposing party's written consent or the court's leave. Fed. R. Civ. P. 15(a)(2). It further provides that a court should freely give leave when justice so requires. *Id*. Although leave to amend should be granted freely, leave to amend is not automatic. *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005). The district court has the discretion to deny a motion to amend if the amended complaint is futile. *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 872-73 (5th Cir. 2000); see also *Simmons v. Sabine River Auth. La.*, 732 F.3d 469, 478 (5th Cir. 2013) ("Clearly, if a complaint as amended is subject to dismissal, leave to amend need not be given."). An amended complaint is futile if it would fail to state a claim upon which relief can be granted and would fail to survive a Rule 12(b)(6) motion. *Id*. at 873. Accordingly, the same standard that applies under Rule 12(b)(6) applies to determine the legal sufficiency of an amended complaint. *Id*.

Here, the Court should deny Plaintiff's Motion for Leave to File an Amended Complaint because the proposed amended complaint is futile and fails to state a claim for the same reasons set forth in the defendants' pending motion to dismiss the original complaint. See Doc. 10.

Additionally, the proposed amended complaint does not substantially change the factual allegations or cure the deficient claims alleged against the defendants in the original complaint. Given that the facts pled are substantially the same, there is no need for further amendment. Additionally, Plaintiff does not purport to bring any new claims against the defendants, nor does Plaintiff allege new or additional facts which would state any plausible claim for relief against defendants herein. Accordingly, there is no need for an amendment. None of the plaintiff's purported amendments alter the analysis of the arguments asserted in the defendants' pending, unopposed motion to dismiss. Further, Plaintiff's failure to <u>properly</u> request service within the time proscribed under the law makes dismissal of this action mandatory pursuant to La. R.S. 13:5107(d)(2), which requires a dismissal without prejudice.

As such, the proposed Amended Complaint is futile and fails to cure the deficiencies in Plaintiff's Original Complaint. *Perez v. Brennan*, 766 F.App'x 61, 66 (5th Cir. 2019) (affirming trial court's ruling denying an amendment given that the new allegations did not cure the deficiencies of the claim plead); see also *Arroyo v. Oprona, Inc.*, 736 F.App'x 427, 430 (5th Cir. 2018) ("the amendments would not have cured the deficiencies."). Defendants respectfully submit that, if Plaintiff is permitted to amend, it would be a waste of judicial resources requiring Defendants to file yet another motion to dismiss raising the same exact arguments as their pending, unopposed motion to dismiss. Therefore, the Court should deny Plaintiff's Motion for Leave to File an Amended Complaint.

## CONCLUSION

Based on the foregoing, the Court should deny Plaintiff's Motion for Leave to File an Amended Complaint, because it raises substantially the same facts and claims alleged in the

original complaint and does not cure the deficiencies in the original complaint, which is subject to the pending, unopposed motion to dismiss filed by the defendants. For the same reasons set for the motion to dismiss, the proposed amended complaint fails to state a plausible claim upon which relief may be granted. To allow Plaintiff to file an amended complaint would only serve to further waste judicial resources, necessitating the filing of another motion to dismiss which would raise essentially identical arguments as those already before the Court. As such, the court should deny Plaintiff's Motion for Leave to File an Amended Complaint.

Respectfully submitted:

**JEFF LANDRY**
**ATTORNEY GENERAL**

*/s/ Cranay D. Murphy*
Cranay D. Murphy T.A. (36600)
Assistant Attorney General
Louisiana Department of Justice –
Division of Risk Litigation
556 Jefferson Street, 4th Floor
Lafayette, Louisiana 70501
Telephone: (337) 262-1700
Facsimile: (337) 262-1707
Email: Murphyc@ag.louisiana.gov
Counsel for Defendants, Louisiana State University at Eunice, the Board of Supervisors of Louisiana State University Technical and Mechanical College, and Kyle Smith, individually and in his official capacity as Vice Chancellor for Student Affairs and Dean of Students for Louisiana State University at Eunice