# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

| | |
|---|---|
| **KIMONLYN MINOR,** <br> *Plaintiff,* <br><br> **v.** <br><br> **LOUISIANA STATE UNIVERSITY AT EUNICE, by and through its Board of Supervisors; KYLE SMITH, in his individual and official capacity; and DOES 1-20, inclusively,** <br><br> *Defendants.* | CASE NO. 6:21-cv-04036-RRS-PJH |

## PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

# **TABLE OF CONTENTS**

**TABLE OF AUTHORITIES** .................................................................3

**STANDARD OF REVIEW** ....................................................................6

**ARGUMENT** .......................................................................................8

**I.  Eleventh Amendment Immunity Does Not Apply To The Board And Kyle Smith**...............................................................................................8

**II.  Proper Service Was Executed** ....................................................9

**III.  Plaintiff Pled Valid ADA Claims** .............................................11

  a.  Individual Capacity Under The ADA .........................................11

  b.  Claims Against Kyle Smith.......................................................11

  c.  Claims Against The Board ........................................................12

**IV.  Plaintiff Pled A Valid §1983 Claim**...........................................13

**CONCLUSION**...................................................................................18

**CERTIFICATE OF SERVICE** ...........................................................20

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564 (1972)...............................17

*Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007)..................................7

*Blessing v. Freestone*, 520 U.S. 329, 340, 117 S. Ct. 1353, 137 L. Ed. 2d 569

   (1997)...............................................................................................................13

*Carimi v. Royal Carribean Cruise Line, Inc.*, 959 F.2d 1344, 1346 (5th Cir.1992).7

*Davis v. Monroe City Bd. of Educ.*, 526 U.S. 629, 633 (1999) ................................7

*Delano-Pyle v. Victoria County, Tex.*, 302 F.3d 567, 574 (5th Cir. 2002).............11

*Delano-Pyle v. Victoria County, Texas*, 302 F.3d at 575 (5th Cir. 2002) ..............12

*Equal Access for El Paso, Inc. v. Hawkins*, 509 F.3d 697, 702 (5th Cir. 2007) .....13

*Gartin v. Par Pharm. Cos., Inc.*, 561 F.Supp.2d 670, 678 (E.D. Tex. 2007)...........6

*Goss v. Lopez*, 419 U.S. 565, 42 L. Ed. 2d 725, 95 S. Ct. 729 (1975) ...................15

*Hafer v. Melo*, 502 U.S. 21, 25, 112 S. Ct. 358, 116 L. Ed. 2d 301 (1991) ...........14

*Hickman v. Columbus Mun. Sch. Dist.*, 2019 U.S. Dist. LEXIS 204204 (N.D. Miss.

   Nov. 22, 2019) ...................................................................................................6

*Holly v. Metropolitan Transit Authority*, 213 Fed.Appx. 343, 344 (5th Cir.2007)...7

*James v. Tex. Collin County*, 535 F.3d 365, 373 (5th Cir. 2008)...........................14

*Lightbourn v. County of El Paso*, 118 F.3d 421, 428 (5th Cir. 1997)....................13

*Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978) .........................................................................................................14

Owen v. City of Independence, 445 U.S. 622, 100 S. Ct. 1398, 63 L. Ed. 2d 673 (1980) ..................................................................................................................12

*Pace v. Bogalusa City Sch. Bd.*, 403 F.3d 272 (5th Cir. 2005) .................................9

*Pederson v. Lousiana State Univ.*, 213 F.3d 678 (5th Cir. 1996).............................9

*United States v. Georgia*, 546 U.S. 151, 154, 126 S. Ct. 877, 163 L. Ed. 2d 650 (2006) ..................................................................................................................12

*Wells v. Quarterman*, No. H-08-2288, 2010 U.S. Dist. LEXIS 89435, at *11 (S.D. Tex. Aug. 30, 2010) ...........................................................................................12

*West v. Atkins*, 487 U.S. 42, 49 (1988) .................................................................16

*Wheeler v. Miller*, 168 F.3d 241, 249-50 (5th Cir. 1999).......................................17

*Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013) ...........................................14

## Statutes

42 U.S.C. § 12131 .................................................................................................13

42 U.S.C. § 12132 .................................................................................................11

42 U.S.C. § 12202 .................................................................................................12

42 U.S.C. § 2000d-7 ............................................................................................8, 9

LA Rev Stat § 13:5107 ........................................................................................10

U.S. Const. Amend. XIV .......................................................................................16

## Rules

Fed. R. Civ. P. 12(b)(1) .........................................................................................6

Fed. R. Civ. P. 12(b)(4) .........................................................................................6

Fed. R. Civ. P. 12(b)(5) .........................................................................................7

Fed. R. Civ. P. 12(b)(6) .........................................................................................7

Fed. R. Civ. P. 4(j)(2) ............................................................................................7

Fed. R. Civ. P. 4(j)(2)(B) .....................................................................................10

**NOW COMES** Plaintiff, Kimonlyn Minor, by and through her attorneys, The Law Office of Keith Altman, and filing her Opposition to Defendants Motion to Dismiss, hereby state the following:

## <u>STANDARD OF REVIEW</u>

A motion to dismiss under Federal Rules of Civil Procedure 12(b)(1) challenges a federal court's subject-matter jurisdiction. Under Fed. R. Civ. P. 12(b)(1), "[a] case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case."

A motion to dismiss a complaint under Fed. R. Civ. P. 12(b)(4) "seeks dismissal based on insufficient process." *Gartin v. Par Pharm. Cos., Inc.*, 561 F.Supp.2d 670, 678 (E.D. Tex. 2007). Insufficient process under Rule 12(b)(4) "concerns the form of the process rather than the manner or method of its service." *Id.* at 691 n.3. If a party fails to name the proper agent for service or fails to include the required documents, they are in noncompliance with Rule 12(b)(4). The moving party must demonstrate that "the specific content required to be served under Federal Rule of Civil procedure 4(b)" was insufficient to satisfy Rule 12(b)(4). *Hickman v. Columbus Mun. Sch. Dist.*, 2019 U.S. Dist. LEXIS 204204 (N.D. Miss. Nov. 22, 2019).

Under Fed. R. Civ. P. 12(b)(5), a party moves to dismiss a complaint by alleging the opposing party made insufficient service of process. *Holly v. Metropolitan Transit Authority*, 213 Fed.Appx. 343, 344 (5th Cir.2007). In the face of an insufficient service allegation, the non-moving party bears the burden of demonstrating its validity. C*arimi v. Royal Carribean Cruise Line, Inc.*, 959 F.2d 1344, 1346 (5th Cir.1992). In the absence of personal delivery, a party must make service in a manner prescribed by the law of the state in which the action was filed. Fed. R. Civ. P. 4(j)(2). Under Fed. R. Civ. P. 12(b)(5), a motion to dismiss for insufficient service of process is the appropriate mechanism for challenging the mode or lack of timeliness in delivering the summons and complaint.

Under Fed. R. Civ. P. 12(b)(6), a party may file a motion to dismiss for "failure to state a claim upon which relief can be granted." When deciding a motion to dismiss under Rule 12(b)(6), the Court must regard as true all material facts alleged in the complaint. *Davis v. Monroe City Bd. of Educ*., 526 U.S. 629, 633 (1999). The non-moving party must provide specific, well-pleaded facts sufficient to state a claim for relief above the speculative level. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007). The Court must view all facts and inferences in the light most favorable to the non-moving party. *Id*. at 1982. "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id*. at 1969. Thus, a complaint that adequately

states a claim for which recovery exists under some legally cognizable theory must survive a Rule 12(b)(6) motion.

## **ARGUMENT**

Defendant's Motion to Dismiss must fail as Plaintiff has presented viable claims to be presented to the trier of fact.

### I.  **Eleventh Amendment Immunity Does Not Apply To The Board And Kyle Smith**

Eleventh amendment immunity is improperly applied by Defendants' seeking to hide their liability to Plaintiff.

The two statutory provisions at issue purport to have conditioned Louisiana's receipt of federal funds on its waiver of Eleventh Amendment immunity to suits under § 504 and the IDEA. Specifically, 42 U.S.C. § 2000d-7 conditions a state's receipt of federal money on its waiver of Eleventh Amendment immunity to actions under § 504 and other federal anti-discrimination statutes:

A State shall not be immune under the Eleventh Amendment of the Constitution of the United States from suit in Federal court for a violation of section 504 of the Rehabilitation Act of 1973, title IX of the Education Amendments of 1972, the Age Discrimination Act of 1975, title VI of the Civil Rights Act of 1964, or the provisions of any

other Federal statute prohibiting discrimination by recipients of Federal

financial assistance.

*Pace v. Bogalusa City Sch. Bd.*, 403 F.3d 272 (5th Cir. 2005).

The Court held in *Pederson* that, in § 2000d-7, Congress "successfully codified a statute which clearly, unambiguously, and unequivocally conditions receipt of federal funds under Title IX on the State's waiver of Eleventh Amendment Immunity." Further, during the relevant time period, §§ 2000d-7 and 1403 put each state on notice that, by accepting federal money, it was waiving its Eleventh Amendment immunity. *Pederson v. Lousiana State Univ.*, 213 F.3d 678 (5th Cir. 1996).

Defendants do not contest their acceptable of federal funds an as educations institution. Defendants are not entitled to assert sovereign immunity under the Eleventh Amendment in this case.

## II.   Proper Service Was Executed

Plaintiff disagrees with Defendants representation that service of the Complaint was not executed. The Complaint was served on January 5, 2022, to Robin Richardson, a representative of the LSU Legal Department that purported to the process server the authority to accept service of process. (ECF 08). Service of process pursuant to

"In all suits filed against the state of Louisiana or a state agency, citation and service may be obtained by citation and service on the attorney general of Louisiana, or on any employee in his office above the age of sixteen years, <u>or any other proper officer or person, depending upon the identity of the named defendant and in accordance with the laws of this state,</u> and on the department, board, commission, or agency head or person, depending upon the identity of the named defendant and in accordance with the laws of this state, and on the department, board, commission, or agency head or person, depending upon the identity of the named defendant and the identity of the named board, commission, department, agency, or officer through which or through whom suit is to be filed against."

LA Rev Stat § 13:5107.

A state, a municipal corporation, or any other state-created governmental organization that is subject to suit must be served by: (A) delivering a copy of the summons and of the complaint to its chief executive officer; OR (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant. Fed. R. Civ. P. 4(j)(2)(B).

LSUE was served through their legal representatives making service proper.

### III.     Plaintiff Pled Valid ADA Claims

The Americans with Disabilities Act ("ADA") is a "federal anti-discrimination statute designed to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities." *Delano-Pyle v. Victoria County, Tex.*, 302 F.3d 567, 574 (5th Cir. 2002).

Title II of the ADA, which applies to public entities including public schools, provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs or activities of a public entity or be subjected to discrimination by any such entity." 42 U.S.C. § 12132.

#### a.  Individual Capacity Under The ADA

Plaintiff concedes that Title II actions against public officials and entities are actionable in their official capacities only.

#### b.  Claims Against Kyle Smith

Claims against Kyle Smith are not redundant. Plaintiff has the right to bring claims against Kyle Smith in his official capacity.

There can be § 1983 official capacity liability based on a "single decision" or "single action" which violates a plaintiff's civil rights. Owen v. City of Independence, 445 U.S. 622, 100 S. Ct. 1398, 63 L. Ed. 2d 673 (1980).

Defendant Smith charged Plaintiff with violations of the LSUE student code of conduct. Defendant Smith knowingly and intentionally charged Plaintiff with wrongdoing with knowledge that Plaintiff did not in fact conduct herself in the manner accused.

### c.  Claims Against The Board

The ADA provides that "[a] State shall not be immune under the eleventh amendment . . . from an action in Federal or State court of competent jurisdiction for a violation of this chapter." 42 U.S.C. § 12202. The Supreme Court has accepted this provision as an unequivocal expression of Congress's intent to abrogate state sovereign immunity. *United States v. Georgia*, 546 U.S. 151, 154, 126 S. Ct. 877, 163 L. Ed. 2d 650 (2006).

To the extent that sovereign immunity is abrogated, the ADA provides for compensatory damages only upon a showing of intentional discrimination on the basis of disability. *Delano-Pyle v. Victoria County, Texas*, 302 F.3d at 575 (5th Cir. 2002). *Wells v. Quarterman*, No. H-08-2288, 2010 U.S. Dist. LEXIS 89435, at *11 (S.D. Tex. Aug. 30, 2010).

Title II requires a plaintiff to demonstrate that (1) he is a qualified individual, (2) who was excluded from participation in or denied the benefits of services, programs, or activities of a public entity, and (3) that such exclusion, denial of benefits, or discrimination was by reason of his disability. *Lightbourn v. County of El Paso*, 118 F.3d 421, 428 (5th Cir. 1997).

The parties do not dispute that as a student with a disability to which she is receiving services at LSUE, plaintiff is a qualified individual with a disability for purposes of the ADA. 42 U.S.C. § 12131. Defendants' failure to provide Plaintiff with accommodations as was the custom for Plaintiff's education at LSUE was intentional discrimination. This intentional discrimination caused immense harm to Plaintiffs education and health.

## IV.    Plaintiff Pled A Valid §1983 Claim

Because section  1983 contemplates violations of both constitutional and statutory mandates, "a plaintiff must assert the violation of a federal *right*, not merely a violation of federal *law.*" *Equal Access for El Paso, Inc. v. Hawkins*, 509 F.3d 697, 702 (5th Cir. 2007); *Blessing v. Freestone*, 520 U.S. 329, 340, 117 S. Ct. 1353, 137 L. Ed. 2d 569 (1997). To state a viable claim under 42 U.S.C. § 1983, "a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States, and (2) demonstrate that the alleged deprivation was committed by a person

acting under color of state law." *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013) (quoting *James v. Tex. Collin County*, 535 F.3d 365, 373 (5th Cir. 2008). There is no dispute that Defendants acted under color of law. However, whether a constitutional violation occurred is the matter for determination.

To establish personal or individual liability in a Section 1983 action on the merits, "it is enough to show that the official, acting under color of state law, caused the deprivation of a federal right." *Hafer v. Melo*, 502 U.S. 21, 25, 112 S. Ct. 358, 116 L. Ed. 2d 301 (1991).

Plaintiff has a legally protected entitlement. Plaintiff has a contract with LSU in which Plaintiff promised to pay tuition, in a specific amount, on a certain day of the school year, and in exchange LSU promised not to provide Plaintiff with constitutional due process when a fair hearing was required. This contract created an entitlement. It is LSU's official policy not to terminate a student contract without due process. Defendants' failure to follow its own policy of custom was the cause in fact of the deprivation of rights inflicted. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978).

## A.   Property Interest

In *Goss*, the Supreme Court determined that a state must "recognize a student's legitimate entitlement to a public education as a property interest which is protected

by the Due Process Clause and which may not be taken away for misconduct without adherence to the minimum procedures required by that Clause." *Goss v. Lopez*, 419 U.S. 565, 42 L. Ed. 2d 725, 95 S. Ct. 729 (1975).

Plaintiff seeks to assert her property right in her education as a whole, not piecemeals by course selection, as allowed by precedent. This right was taken away by Defendants. Plaintiff has stated a protectible property interest in Plaintiff's education. Plaintiff entered into a contract in which Plaintiff agreed to pay a set amount in exchange for the provided education at LSU. A valid contract was entered into. Plaintiff has paid the provide for tuition, entitling Plaintiff to continued educational instruction from LSU. Defendants deprived Plaintiff of her viable property interest when Defendant Smith knowingly and wrongfully purported Plaintiff with wrongdoing while denying her the fact-finding and hearing process.

Defendants' argument that Plaintiff's property interest is unsubstantiated is without merit. Defendant fails to acknowledge the contract Plaintiff entered into LSU, which was then acted on by both parties for a significant amount of time, equated in semesters.

Based on the foregoing, Plaintiff's Complaint alleges a sufficient property interest in furtherance of an actionable § 1983 claim for a due process violation, and this Court should allow Plaintiff to proceed to discovery.

**B.     Liberty Interest**

To state a claim under §1983, a plaintiff must allege that a person acting under color of state law deprived him of a federally protected right. 42 U.S.C.§1983. *West v. Atkins*, 487 U.S. 42, 49 (1988). A person right to liberty is guaranteed under Fourteenth Amendment. U.S. Const. Amend. XIV. Plaintiff stated a valid liberty interest in having been precluded from obtaining her education. Plaintiff began her education at LSU with the intent of completing her nursing degree. Plaintiff was wrongfully deprived of her liberty interest in continuing to pursue her education when Defendants willfully and wrongfully deprived Plaintiff with actual knowledge of the wrong perpetrated. Further, Defendants denied Plaintiff's request for due process with the actual knowledge that Plaintiff had not been provided with adequate due process.

Based on the foregoing, Plaintiff's Complaint alleges a sufficient liberty interest in furtherance of an actionable § 1983 claim for a due process violation, and this Court should allow Plaintiff to proceed to discovery.

**C.     Failure of Due Process**

The conduct at issue neither implicates a fundamental right nor involves a suspect classification, the challenged conduct need only satisfy the rational basis

scrutiny to pass constitutional muster. *Wheeler v. Miller*, 168 F.3d 241, 249-50 (5th Cir. 1999).

Defendant Smith was directly involved in Plaintiff's hearing process. Defendant Smith had knowledge of the facts and events that occurred, resulting in Plaintiff's hearing. The conclusions of the investigations were based on knowingly misrepresented facts that directly resulted in Plaintiff's due process rights being violated.

The Supreme Court has provided that "where a person's good name, reputation, honor, or integrity is at stake because of what the government is doing to him, notice and an opportunity to be heard are essential." *Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564 (1972). Plaintiff's academic record will tarnish her good name and viably could affect her ability to sit for the nursing boards and obtain employment in the medical field. Should Plaintiff choose to continue her education on to complete her master's in nursing Plaintiff will be required to disclose all academic misconduct, and will suffer harm as programs will be unlikely to admit Plaintiff with the tarnished record Defendants have wrongfully attributed to her name.

Plaintiff has the right to a fair hearing, which was not provided to her due to Defendants actions. Impartial adjudicators, outside the influence of Defendants, were not present in effecting Plaintiff's claims.

Plaintiff seeks injunction relief against Defendant LSU, only. This claim is valid and should be allowed to proceed.

Based on the foregoing, Plaintiff's operative complaint alleges sufficient conduct to constitute the failure of Defendant Smith and Defendant LSU to provide due process to Plaintiff in furtherance of an actionable § 1983 claim for a due process violation, and this Court should allow Plaintiff to proceed to discovery.

## <u>CONCLUSION</u>

Plaintiff hereby requests that the Court deny Defendants' Motion to Dismiss. Should the Court determine that service of process was inadequate and the LSUE Board is the proper Defendant Plaintiff respectfully requests leave of court to amend the deficiency.

Date: August 4, 2022.                    Respectfully Submitted,

Keith Altman, Esq.
The Law Office of Keith Altman
33228 West 12 Mile Road, Suite 375
Farmington Hills, Michigan 48334
Telephone: (248) 987-8929
keithaltman@kaltmanlaw.com
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAFAYETTE DIVISION

| | |
|---|---|
| **KIMONLYN MINOR,** | CASE NO. 6:21-cv-04036-RRS-PJH |
| *Plaintiff,* | |
| | |
| **v.** | |
| | |
| **LOUISIANA STATE UNIVERSITY AT EUNICE, by and through its Board of Supervisors; KYLE SMITH, in his individual and official capacity; and DOES 1-20, inclusively,** | |
| *Defendants.* | |

## <u>CERTIFICATE OF SERVICE</u>

I certify that on August 4, 2022, I served the foregoing Opposition to

Defendant's Motion to Dismiss upon all parties of record.

Respectfully Submitted,

Keith Altman, Esq.