UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | | |
|---|---|---|
| KIMONLYN MINOR | : | CIVIL ACTION NO. 6:21-CV-04036 |
| VERSUS | : | JUDGE MICHAEL J. JUNEAUX |
| LOUISIANA STATE UNIVERSITY AT EUNICE, ET AL | : | MAGISTRATE JUDGE PATRICK J. HANNA |

: : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : :

**REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PURSUANT TO FRCP 12(b)(1), 12(b)(4), 12(b)(5), and 12(b)6**

**MAY IT PLEASE THE COURT:**

NOW INTO COURT, through undersigned counsel, come the **LOUISIANA STATE UNIVERSITY AT EUNICE (hereinafter "LSUE"), the BOARD OF SUPERVISORS OF LOUISIANA STATE UNIVIERSITY AGRICULTURAL AND MECHANICAL COLLEGE (erroneously referred to as "The LSUE Board of Supervisors")(hereinafter "the BOARD"), and KYLE SMITH, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS ASSOCIATE VICE CHANCELLOR FOR STUDENT AFFAIRS AND DEAN OF STUDENTS FOR LOUISIANA STATE UNIVERSITY AT EUNICE (hereinafter "DR. SMITH"),** who, respectfully file this Reply Memorandum in Response to Plaintiff's Memorandum in Opposition to Defendants' Motion to Dismiss. [Court Docs. 37 & 46]. Defendants adopt and incorporate by reference, all of the facts, law, and arguments outlined in their original memoranda filed contemporaneously with their motion to dismiss. Plaintiff's arguments are taken in turn, below:

**LAW & ARGUMENT**

    A.    ***Plaintiff does not refute the fact that LSUE is not a legal entity with the capacity***

*to be sued, and dismissal of LSUE is warranted.*

Plaintiff, in her Opposition, makes no arguments whatsoever to refute LSUE's entitlement to a dismissal, with prejudice, from this lawsuit. [Court Doc. 46]. The Fifth Circuit has established that a plaintiff's failure to defend her claims beyond the complaint constitutes abandonment of those claims. *Black v. N. Panola Sch. Dist.*, 461 F.3d 584, 588 (5th Cir. 2006). LSUE submits that Plaintiff has abandoned all claims made against it. As such, LSUE respectfully requests that this Honorable Court grant its motion, dismissing each of Plaintiff's claims and allegations set forth against LSUE in the Original and Amended Complaints, with prejudice, at Plaintiff's sole cost.

**B.** *Insufficiency of Summons and Service of Process.*

Plaintiff, in her Opposition, concedes that, "If a party fails to name the proper agent for service . . . they are in noncompliance with Rule 12(b)(4)." [Court Doc. 46, p. 6, ¶ 2]. Plaintiff further asserts that "The Complaint was served on January 5, 2022, to Robin Richardson, a representative of the LSU Legal Department that purported to the process server the authority to accept service of process." [Court Doc. 46, p. 9, ¶ 3]. In support of this misrepresentation of what Plaintiff asserts to have been proper service, she cites to "ECF 08," <u>the returned summons relating to service on LSUE, a non-juridical entity with no capacity to be sued, and the claims against which Plaintiff has abandoned</u>. [Court Doc. 8].

First, the Board points out that, contrary to Plaintiff's representation of its contents, the document actually indicates that a summons for "**Louisiana State University at Eunice**," was served on **"Robin Richardson, Authorized Employee**, who is designated by law to accept service of process on behalf of **LSU Legal Dept. for LSUE**." [Court Doc. 8, p. 2]. Additionally, Plaintiff requested issuance of a summons <u>only</u> on "Louisiana State University at Eunice" through the "c/o

Board of Supervisors." By Plaintiff's own acknowledgment, she is in "noncompliance" of Rule 12(b)(4), because she failed to name the proper agent for service on the Board of Supervisors of Louisiana State University Agricultural and Mechanical College. Issuance of a summons on an entity which lacks the capacity to be sued is insufficient to serve as proper service on the proper party defendant. Despite naming the Board as a defendant separate and apart from LSUE, there was never a request for the issuance of a Summons on the Board. Additionally, the Board was improperly identified in Plaintiff's request for the issuance of summons wherein she requested issuance on the summons to LSUE through "c/o *Board of Supervisors*." [Court Doc. 5]. There is more than one "Board of Supervisors" for different universities and university systems throughout Louisiana, and Plaintiff's request could encompass any one of those. However, Plaintiff was required under Rule 4 to issue summons and effectuate service on the Board of Supervisors of Louisiana State University Agricultural and Mechanical College as the proper party defendant.

Plaintiff's assertion that service is proper under La. R.S. 13:5107 is also incorrect. Plaintiff highlights a broad portion of the statute in an attempt to bolster her argument that service was proper, however, she completely ignores the portion that requires service <u>not only</u> on the Attorney General of Louisiana (which was never done), but requires additional service on the "department, board, commission, or agency <u>head</u> . . . ." La. R.S. 13:5107. The statute's use of the word "and" in this context reveals the mandatory nature of this requirement. <u>The Board submits that Robin Richardson is *not* the head of the Board of Supervisors of Louisiana State University Agricultural and Mechanical College</u>. Further, despite having the benefit of having received the defendants' original unopposed motion to dismiss, wherein the insufficiency of the summons and service of process was asserted but never addressed by the Court, and after obtaining counsel of record to represent her, to date there has been no attempt by Plaintiff or her counsel to remedy the

–3–

inadequacies of service and process. Plaintiff was allowed to amend her Complaint, and the Board further contends that this Amended Complaint was also not properly served on it, since counsel cannot rely on the electronic service made on the undersigned to serve as proper service of process, where the Original Complaint and Summons were deficient. No summons has been issued on the Board of Supervisors of Louisiana State University Agricultural and Mechanical College, and the head of the Board has been served with neither the Original Complaint, nor the Amended Complaint. As such, and in accordance with Rule 4, Rule 12(b)(4), 12(b)(5), La. R.S. 13:5107, and La. R.S. 39:1538, both process and service are insufficient, and dismissal of the Board is mandatory pursuant to La. R.S. 13:5107(D)(1).

   **C.** ***Plaintiff cannot assert new factual allegations in a Memorandum in Opposition to a Motion to Dismiss.***

Plaintiff has been given a second "bite at the apple" to file an amended complaint after failing to file any opposition whatsoever to the defendants' Original Motion to Dismiss. However, despite having availed herself of the opportunity the Amended Complaint, Plaintiff now, in her Opposition, asserts wholly new factual allegations which were not set forth in either the Original Complaint, or the Amended Complaint. <u>Federal courts have long held that "[a]n opposition to a motion to dismiss is not the place for a party to raise new factual allegations or assert new claims</u>." *Kostmayer Constr., LLC v. Port Pipe & Tube, Inc.*, 16-01012, 2016 WL 6143075, \*3 (W.D. La. Oct. 19, 2016); quoting *Sartin v. EKF Diagnostics, Inc.,* 16-1816, 2016 WL 3598297, \*2 (E.D. La. July 5, 2016); see also *Ass'n of Am. Physicians & Surgeons, Inc. v. Texas Med. Bd.*, 627 F.3d 547, 550 (5th Cir. 2010). Further, it is well-established under the law that, "<u>it is axiomatic that a complaint may not be amended by the briefs in opposition to a motion to dismiss</u>." *Marchman v. Crawford*, 237 F.Supp.3d 408, 432 (W.D. La. 2017).

   Defendants object to the newly asserted factual allegations set forth in Plaintiff's

Opposition, which are enumerated as follows:

1. "Defendant Smith charged Plaintiff with violations of the LSUE student code of conduct." [Court Doc. 46, p. 12, ⁋ 2].

2. "Defendant Smith knowingly and intentionally charged Plaintiff with wrongdoing with knowledge that Plaintiff did not in fact conduct herself in the manner accused." [Court Doc. 46, p. 12, ⁋ 2].

3. "Defendants' failure to provide Plaintiff with accommodations as was the custom for Plaintiff's education at LSUE was intentional discrimination." [Court Doc. 46, p. 13, ⁋ 2].

4. "This intentional discrimination caused immense harm to Plaintiffs education and health." [Court Doc. 46, p. 13, ⁋ 2].

5. "Plaintiff has a legally protected entitlement." [Court Doc. 46, p. 14, ⁋ 2].

6. "Plaintiff has a contract with LSU in which Plaintiff promised to pay tuition, in a specific amount, on a certain day of the school year, and in exchange LSU promised not to provide Plaintiff with constitutional due process when a fair hearing was required." [Court Doc. 46, p. 14, ⁋ 2].

7. "This contract created an entitlement." [Court Doc. 46, p. 14, ⁋ 2].

8. "It is LSU's official policy not to terminate a student contract without due process." [Court Doc. 46, p. 14, ⁋ 2].

9. "Defendants' failure to follow its own policy of custom was the cause in fact of the deprivation of rights inflicted." [Court Doc. 46, p. 14, ⁋ 2].

10. "Plaintiff entered into a contract in which Plaintiff agreed to pay a set amount in exchange for the provided education at LSU." [Court Doc. 46, p. 15, ⁋ 1].

11. "A valid contract was entered into." [Court Doc. 46, p. 15, ⁋ 1].

12. "Plaintiff has paid the provide for tuition, entitling Plaintiff to continued educational instruction from LSU." [Court Doc. 46, p. 15, ⁋ 1].

13. "Defendants deprived Plaintiff of her viable property interest when Defendant Smith knowingly and wrongfully purported Plaintiff with wrongdoing while denying her the fact-finding and hearing process." [Court Doc. 46, p. 15, ⁋ 1].

14. "Plaintiff began her education at LSU with the intent of completing her nursing degree." [Court Doc. 46, p. 16, ⁋ 1].

15. "Plaintiff was wrongfully deprived of her liberty interest in continuing to pursue her education when Defendants willfully and wrongfully deprived Plaintiff with actual knowledge of the wrong perpetrated." [Court Doc. 46, p. 16, ¶ 1].

16. "Further, Defendants Denied Plaintiff's request for due process with the actual knowledge that Plaintiff had not been provided with adequate due process." [Court Doc. 46, p. 16, ¶ 1].

17. "Defendant Smith was directly involved in Plaintiff's hearing process." [Court Doc. 46, p. 17, ¶ 1].

18. "Defendant Smith had knowledge of the facts and events that occurred, resulting in Plaintiff's hearing." [Court Doc. 46, p. 17, ¶ 1].

19. "The conclusions of the investigations were based on knowingly misrepresented facts that directly resulted in Plaintiff's due process rights being violated." [Court Doc. 46, p. 17, ¶ 1].

20. "Plaintiff's academic record will tarnish her good name and viably could affect her ability to sit for the nursing boards and obtain employment in the medical field." [Court Doc. 46, p. 17, ¶ 2].

21. "Should Plaintiff choose to continue her education on to complete her master's in nursing Plaintiff will be required to disclose all academic misconduct, and will suffer harm as programs will be unlikely to admit Plaintiff with the tarnished record Defendants have wrongfully attributed to her name." [Court Doc. 46, p. 17, ¶ 2].

22. "Plaintiff has the right to a fair hearing, which was not provided to her due to Defendants actions." [Court Doc. 46, p. 18, ¶ 1].

23. "Impartial adjudicators, outside the influence of Defendants, were not present in effecting Plaintiff's claims." [Court Doc. 46, p. 18, ¶ 1].

Defendants respectfully submit that these new allegations, although mostly consisting of threadbare recitals of law and legal conclusions, should not be considered by this Honorable Court, and should be stricken from the record. Should this Honorable Court decide that the above-listed new allegations may be considered, and only in the event of the same, Defendants further contend that the new allegations contained within Plaintiff's Opposition only further serve to support

Defendants' showing that the Original and Amended Complaints fail to state a plausible claim for relief against them.

### D. The Board and Kyle Smith, in his official capacity, are entitled to Eleventh Amendment sovereign immunity.

"Sovereign immunity consists of two separate and different kinds of immunity, immunity from suit and immunity from liability." *Pegues v. Board of Supervisors of Louisiana State University and Agricultural and Mechanical College*, 18-2407, 2019 WL 1544366, *4; quoting *Meyers ex rel. Benzing v. Texas*, 410 F.3d 236, 254 (5th Cir. 2005). The Board and Dr. Smith have asserted sovereign immunity both from suit, and from liability, in the present case. Specifically, as it pertains to their entitlement to Eleventh Amendment sovereign immunity with respects to claims under Title II of the ADA, "under Louisiana law, the State of Louisiana has not waived its sovereign immunity from claims under Title II of the ADA not related to architectural barriers." *Pegues*, 2019 WL 154436, at *4; citing *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 206 (5th Cir. 2007); see also *Am. Int'l Specialty Lines Ins. Co. v. Canal Indem. Co.*, 352 F.3d 254, 260 (5th Cir. 2003). Plaintiff, in her Opposition, admits that she has no entitlement to bring a claim against Dr. Smith in his individual capacity under the ADA. [Court Doc. 46, p. 11, III(a)]. Therefore, the individual capacity claims asserted under the ADA against Dr. Smith should be dismissed, with prejudice, at Plaintiff's sole cost.

### 1. 42 U.S.C. 1983 is not an avenue by which Plaintiff may assert claims against Dr. Smith, in his official capacity, under Title II of the ADA.

Plaintiff is incorrect in her stance that she has an actionable claim against Dr. Smith in his official capacity under *Title II of the Americans with Disabilities Act*, because, "[t]here can be *§ 1983* official capacity liability based on a 'single decision' or a 'single action' which involves a plaintiff's civil rights." [Court Doc. 46, p. 12, III(b)] (Emphasis added). In support of

–7–

this legally erroneous argument, Plaintiff relies on *Owen v. City of Independence, Mo.*, which involved a Chief of Police who was discharged from his position and provided no reason for his dismissal. *Owen v. City of Independence, Mo.*, 445 U.S. 622, 100 S.Ct. 1398, 63 L.Ed. 2d 673 (1980). The petitioner in *Owen* ". . . brought suit in Federal District Court under 42 U.S.C. § 1983 against the city, the respondent City Manager, and the respondent members of the City Council in their official capacities, alleging that he was discharged without notice of reasons and without a hearing in violation of his constitutional rights to procedural and substantive due process . . . ." *Owen*, 445 U.S. at 622.

Plaintiff's argument that § 1983 provides an actionable claim against Dr. Smith, in his official capacity, under Title II of the Americans with Disabilities Act lacks merit. As set forth in the defendants' Original Memorandum, Plaintiff cannot use 42 U.S.C. § 1983 to pursue claims against Kyle Smith for alleged violations of the Rehabilitation Act and/or the ADA. *Lollar v. Baker*, 196 F.3d 603 (5th Cir. 1999). In *Lollar*, the United States Fifth Circuit Court of Appeal held that, ". . . because Congress created a specific and comprehensive enforcement mechanism under § 504 to ensure the rights of disabled persons, the presumption controls against invoking a more general remedial scheme to vindicate those rights." *D.A. ex. rel. Latasha A. v. Houston Independent School Dist.*, 629 F.3d 450, 457 (5th Cir. 2010); citing *Lollar*, *supra*. The Fifth Circuit has also clearly established that a claimant, ". . . cannot pursue his ADA and § 504 claims through § 1983." *Id*.

    2.    ***Sovereign Immunity under United States v. Georgia.***

In the Supreme Court case of *United States v. Georgia*, the court "established a three-part test to determine whether, in a particular case, Title II's abrogation of state sovereign immunity pursuant to Section 5 of the Fourteenth Amendment is valid." *Pegues,* 2019 WL

1544366, at *5; citing United *States v. Georgia*, 546 U.S. 151, 159 (2006). A court must evaluate whether sovereign immunity has been validly abrogated on a claim-by-claim basis utilizing the three-part test, which entails a determination of: 1) <u>which aspects of the alleged conduct violated Title II</u>; 2) <u>to what extent such misconduct also violated the Fourteenth Amendment</u>; and 3) <u>to the extent that such misconduct violated Title II, but did not violate the Fourteenth Amendment, whether Congress' purported abrogation of sovereign immunity as to that class of conduct is nevertheless valid</u>. *Id*.

  Plaintiff has failed to allege facts which would state a plausible Fourteenth Amendment claim. The Due Process Clause of the Fourteenth Amendment provides that no state shall, "deprive any person of life, liberty, or property without due process of law." U.S. Const. amend. XIV. Furthermore, "[i]n procedural due process claims, the deprivation by state action of a constitutionally protected interest in 'life, liberty, or property' <u>is not in itself unconstitutional; what is unconstitutional is the deprivation of such an interest *without due process of law*</u>." *Zinermon v. Burch*, 494 U.S. 113, 125 (1990) (emphasis added). In order for a plaintiff to prevail on a procedural due process claim, the plaintiff must show that, "(1) they possess a property interest that is protected by the due process clause, and (2) [the defendant's] procedures are constitutionally inadequate." *Ridgely v. Fed. Emergency Mgmt. Agency*, 512 F.3d 727, 734 (5th Cir. 2008). On the other hand, substantive due process "ensures that, regardless of the fairness of the procedures used, the government does not use its power for oppressive purposes." *Patterson v. Def. POW/MIA Acct. Agency*, 343 F. Supp. 3d 637, 646 (W.D. Tex. 2018). Therefore, "<u>substantive due process requires only that public officials exercise professional judgment, in a nonarbitrary and noncapricious manner, when depriving an individual of a protected property interest</u>." *Lewis v. Univ. of Texas Med. Branch at Gavelston*, 665 F.3d 625,

631 (5th Cir. 2011).

At the outset, Defendants point out that Plaintiff made no allegation that she had any property interest whatsoever in a continued education in the LSUE nursing program. The allegations of a protected property interest and purported existence of a contract are wholly new, and are not contained within either of the Complaints. Further, within the context of substantive due process, and as it pertains to a plaintiff's allegations of a constitutional right to continued enrollment in an academic program, the Supreme Court has established that, "assuming such a right exists, there is only a 'narrow avenue for judicial review' and that the plaintiff must show a "substantial departure from accepted academic norms as to demonstrate that the person or committee responsible did not actually exercise professional judgment." *Duhon v. Board of Supervisors of Louisiana State University & Agricultural & Mechanical College*, 20-20222, 2021 WL 5562156 *4; quoting *Regents of Univ. of Michigan v. Ewing*, 474 U.S. 214, 225 (1985).

Despite Plaintiff's attempt to bolster the insufficiency of the allegations plead in her Original and Amended Complaints by improperly asserting wholly new allegations in her Opposition as outlined in Section D, above, a fair reading of the Complaints unequivocally establish that Plaintiff has not stated a Title II violation against neither Dr. Smith, nor the board. [Court Docs. 1 & 33]; see also [Court Doc. 33, pp. 7, 8, 9, 10, 11, 17, 18]. Plaintiff's allegations against Dr. Smith do not suffice to state a plausible claim for relief under Title II of the ADA, as these allegations do not establish that Dr. Smith denied her benefits or discriminated against the Plaintiff *by reason of her disability*. Plaintiff also has not alleged a plausible Title II claim against the Board, as she does not allege that she requested, or was even denied reasonable accommodations. Instead, Plaintiff's allegations reveal that she opted to forego her normal

accommodation of taking test in the testing center, and that she shorted herself the extra time purportedly allowed on the test as shown on her computer. There is no allegation that she advised the faculty proctoring the test that she was allegedly entitled to additional time, and most importantly, no allegation that the faculty member specifically denied her additional time when requested. Furthermore, Plaintiff's ultimate dismissal from the LSUE nursing program was a direct result of her failing to meet the requirements for retention, which do not allow retention upon the failing of <u>two</u> core nursing courses. It was Plaintiff's previous failure of a nursing course, and additional failure of a second course, that caused her to fail to meet the requirements for retention, not any discrimination on the part of Dr. Smith or the Board.

<u>As it pertains to the Fourteenth Amendment, Plaintiff's allegations only serve to establish that she was afforded due process under the Fourteenth Amendment</u>. [Court Doc. 1 & 33]. The allegations contained within the Complaints simply establish that the defendants afforded the Plaintiff her due process rights in: 1) advising her in writing of the misconduct allegations which had been made against her; 2) scheduling and conducting an accountability meeting to evaluate the allegations of misconduct; 3) evaluating the evidence both in support of, and in opposition to, Ms. Minor, in addition to her account of the events; and 4) utilizing professional judgment in making a determination; 5) advising the Plaintiff, in writing, of the outcome following the accountability meeting; and 6) affording her a second opportunity to be heard through her utilization of the UHP appeal process. Plaintiff does not allege in either of her Complaints that she was not afforded due process in any way. Therefore, since Plaintiff's Complaints do not allege conduct on the part of either Dr. Smith or the Board, which violated Title II and/or the Fourteenth Amendment, Defendants are entitled to sovereign immunity, and the claims against them should also be dismissed, with prejudice, at Plaintiff's sole cost.

### D. *Plaintiff has not stated a valid § 1983 claim.*

The Board and Dr. Smith, in his official capacity, are entitled to sovereign immunity from Plaintiff's § 1983 claims. Further, for the reasons set forth both above and in the original memorandum in support of the defendants' motion to dismiss, in addition to the deficient allegations set forth in the Complaints, Plaintiff has not alleged facts sufficient to state a claim under 42 U.S.C. § 1983. There are absolutely no factual allegations in either Complaint to support that a valid 1983 claim exists, and as such, Plaintiff's claims should be dismissed, with prejudice, at her sole cost.

**WHEREFORE**, Defendants, the **LOUISIANA STATE UNIVERSITY AT EUNICE the BOARD OF SUPERVISORS OF LOUISIANA STATE UNIVIERSITY AGRICULTURAL AND MECHANICAL COLLEGE (erroneously referred to as "The LSUE Board of Supervisors) and KYLE SMITH, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS ASSOCIATE VICE CHANCELLOR FOR STUDENT AFFAIRS AND DEAN OF STUDENTS FOR LOUISIANA STATE UNIVERSITY AT EUNICE** respectfully requests that its motion be granted, and prays that Plaintiff's claims against the **LOUISIANA STATE UNIVERSITY AT EUNICE, the BOARD OF SUPERVISORS OF LOUISIANA STATE UNIVIERSITY AGRICULTURAL AND MECHANICAL COLLEGE (erroneously referred to as "The LSUE Board of Supervisors), and KYLE SMITH, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS ASSOCIATE VICE CHANCELLOR FOR STUDENT AFFAIRS AND DEAN OF STUDENTS FOR LOUISIANA STATE UNIVERSITY AT EUNICE** be dismissed, with prejudice, at Plaintiff's sole cost.

Respectfully submitted:

**JEFF LANDRY**
**ATTORNEY GENERAL**

**/s/ Cranay D. Murphy**
Cranay D. Murphy T.A. (36600)
Assistant Attorney General
Louisiana Department of Justice –
Division of Risk Litigation
556 Jefferson Street, 4th Floor
Lafayette, Louisiana  70501
Telephone: (337) 262-1700
Facsimile: (337) 262-1707
Email: Murphyc@ag.louisiana.gov
Counsel for Defendants, Louisiana State University at Eunice, the Board of Supervisors of Louisiana State University Technical and Mechanical College, and Kyle Smith, individually and in his official capacity as Vice Chancellor for Student Affairs and Dean of Students for Louisiana State University at Eunice