# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISON

| | |
|---|---|
| KIMONLYN MINOR,<br>   *Plaintiff,*<br><br>v.<br><br>LOUISIANA STATE UNIVERSITY<br>AT EUNICE,<br>by and through its Board of<br>Supervisors; KYLE SMITH,<br>in his individual and official capacity;<br>and DOES 1-20, inclusively,<br>   *Defendants.* | CASE NO. 6:21-cv-04036 |

# PLAINTIFF'S OBJECTION TO REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE DAVID J. AYO

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................... ii

BACKGROUND ....................................................................................................1

STANDARD OF REVIEW .....................................................................................3

OBJECTIONS .........................................................................................................3

    A. The Magistrate Judge Erred in Concluding a Lack of Subject Matter Jurisdiction under Fed. R. Civ. P. 12(b)(1) ....................................................3

    B. The Magistrate Judge Erred in Concluding Insufficiency Process and Service of Process under Fed. Civ. P. 12(b)(4) and Fed. Civ. P. 12(b)(5). 5

    C. The Magistrate Judge Erred in Ruling Claims Against Smith in his Official and Individual Capacity Should Be Dismissed under Fed. P. 12(b)(1) and Fed. Civ. P. 12(b)(6). ............................................................5

    D. Leave to Amend the Complaint under Fed. R. Civ. P. 15 ...........................6

CONCLUSION .......................................................................................................6

# TABLE OF AUTHORITIES

**Cases**

*Innovention Toys, LLC v. MGA Entm't, Inc.*, No. 07-6510, 2014 U.S. Dist. LEXIS 41122, at *5 (E.D. La. Mar. 27, 2014)...............................................................3

*Marson v. Northwestern State University*, 607 So.2d 1093 (La. App. 3 Cir. 1992) .4

*Richardson v. Southern University*, 118 F.3d 450, 456 (5th Cir. 1997)................4, 5

**Rules**

Fed. R. Civ. P. 12(b)(5).................................................................................................5

Fed. R. Civ. P. 12(b)(1).................................................................................................3

Fed. R. Civ. P. 72(b)(2).................................................................................................1

Fed. R. Civ. P. 72(b)(3).................................................................................................3

The Plaintiff, Kimonlyn Minor, for the reasons stated herein, and pursuant to Fed. R. Civ. P. 72(b)(2), files these written objections to Magistrate David J. Ayo's March 9, 2023, Report and Recommendation (ECF 40).

## BACKGROUND

This case arises from Defendants' wrongful academic misconduct charges finding Plaintiff guilty and failure to provide Plaintiff with reasonable accommodations for her disability. In the fall of 2020, Plaintiff was enrolled in the nursing program at Louisiana State University at Eunice ("LSUE"). ECF 01. In October, Plaintiff was forced to take an exam in a classroom setting, despite accommodations allowing her take exams in a solitary environment. *Id*. The exam was administered using a computerized software program. At the beginning of the exam, Plaintiff followed her normal routine of writing out all the knowledge she had learned on the scratch pieces of paper provided. This was a practice she had used in all her prior exams to lessen her anxiety while testing. *Id*.

By the end of the exam, Plaintiff's computer screen showed she had 30 minutes in accordance with her disability. *Id*. However, at the same time, one of the supervising professors declared there were only five minutes left in the exam. *Id*. This unexpected shortage of time cause Plaintiff's anxiety to increase dramatically as she still had questions to answer. *Id*. This caused Plaintiff to go into a state of panic. At the end of the exam, Plaintiff turned in the scratch paper

1

as required. Unbeknownst to Plaintiff, while in her state of panic and heightened anxiety, she forgot to turn in a one of the pieces of scratch paper that was lodged between the keyboard and screen of her laptop. *Id*. When Ms. LaFleur, a supervising exam proctor asked Plaintiff to show her test upload screen, the scratch paper with her notes on it was confiscated and Plaintiff was reported for misconduct. *Id*. On November 5, 2020, defendant Smith mailed a letter to Plaintiff charging her with (1) unauthorized materials and (2) failure to follow course requirements, violations of the LSUE student code of conduct. *Id*.

Plaintiff conducted an accountability meeting with defendant Smith to discuss the charges. During that meeting, Smith failed to consider evidence Plaintiff presented, specifically, an email from an advisor confirming Plaintiff always had scratch paper when she took exams and that she always writes out her knowledge at the beginning of her exams. *Id*. Smith relied on the false assumption that the scratch paper in the computer was folded and that she brought it into the exam. As a result, Smith found Plaintiff responsible for both charges and Plaintiff received zero credits for the exam. *Id*. Plaintiff appealed and a hearing with University Hearing Panel ("UHP") was held on November 16, 2020. *Id*. During the hearing, LSUE was not able to provide the scratch paper in question, presented no live witnesses, and failed to present any evidence that Plaintiff had brought any unpermitted materials into the exam. *Id*. Although LSUE admitted that the paper

found was taken by the supervising proctor before Plaintiff left her table, the UHP found Plaintiff responsible for both charges. *Id*. Plaintiff appealed the findings, but on April 7, 2021, General Counsel for LSUE informed Plaintiff that LSUE was upholding the UHP findings.

## STANDARD OF REVIEW

The District Judge reviews a Magistrate Judge's report and recommendation de novo. Fed. R. Civ. P. 72(b)(3). "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id*. The district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to. *Innovention Toys, LLC v. MGA Entm't, Inc.*, No. 07-6510, 2014 U.S. Dist. LEXIS 41122, at *5 (E.D. La. Mar. 27, 2014).

In this case, it is requested that the Court reject the Magistrate Judge's recommendation.

## OBJECTIONS

### A.  The Magistrate Judge Erred in Concluding a Lack of Subject Matter Jurisdiction under Fed. R. Civ. P. 12(b)(1)

The Magistrate Judge erroneously determined that Plaintiffs claims against the Board must be dismissed under Fed. R. Civ. P. 12(b)(1). In its report and recommendation, the Magistrate Judge concluded that the LSUE Board was an arm

3

of the State of Louisiana and is therefore barred from being sued based on sovereign immunity. (ECF 53). In *Marson v. Northwestern State University*, 607 So.2d 1093 (La. App. 3 Cir. 1992), the Court explained that the Board of Supervisors for Northwestern State University was the right defendant pursuant to its supervisory powers. *Id*. at 1095, citing ECF 10-01. Furthermore, the United States Fifth Circuit Court of Court of Appeals acknowledged that under Louisiana law, only the Board, not the University, can be sued. *Richardson v. Southern University*, 118 F.3d 450, 456 (5th Cir. 1997), *cert denied*, 118 S.Ct. 858, 139 L.Ed.2d 757 (1998); citing to *Marson*, *supra*; see also *Mire v. Board of Supervisors of Louisiana State University,* 2016 WL 4761561 (E.D. La. 2016)(wherein the plaintiff sued LSU Health rather than the LSU Board). In *Richardson*, the Court concluded:

> the LSU Board, rather than LSU Health, is the proper defendant. Louisiana Revised Statutes Section 17:3215 lists "institutions under the supervision and management" of the LSU board. La. Rev. Stat. § 17:3215 (2011). These include "Louisiana State University Health Sciences Center at New Orleans, which shall include medical and related health schools and programs located in New Orleans." *Id.; see also* La. Rev. Stat. § 17:1519.5 (2010) ("The [LSU B]oard as a body corporate shall have authority to exercise all power to direct, control, supervise, and manage [LSU Health]."). Because LSU Health is an institution of postsecondary education under the control of the LSU Board, the Board is the proper defendant in a suit alleging misconduct by LSU Health. *See* La. Rev. Stat.§ 17:3351(A)(l) (2015) (granting the LSU Board authority to "sue and be sued" on behalf of "institutions of postsecondary education under its control"); *Delahoussaye v. City of New Iberia,* 937 F.2d 144, 148 (5th Cir. 1991) ("Although the Board has the right to sue and be sued in its own name...the University does not."); *Raj v. Louisiana State Univ.,* No. 11-1126, 2012 WL 629954, at *2 (E.D. La. Feb. 27, 2012), *ajfd,* 714 F.3d 322 (5th Cir. 2013) ("[I]t is the Board that has the capacity to be sued, and LSU and LSU Health were wrongly added as defendants because they lack said

capacity."); *Huggins v. Univ. of Louisiana Sys. Bd. of Supervisors,* No. 08-1397, 2009 WL 223272, at (W.D. La. Jan. 6, 2009) ("[T]he University is not a juridical person subject to suit.").

*Richardson v. Southern University*, 118 F.3d 450, 456 (5th Cir. 1997).

It is well established pursuant to case law and applicable Louisiana statutes, that suit can be brought against a University Board. Because the LSUE Board holds supervisory powers and authority and manages the LSUE system, Plaintiff did not err in naming the LSUE Board as a defendant.

  **B.**  **The Magistrate Judge Erred in Concluding Insufficiency Process and Service of Process under Fed. Civ. P. 12(b)(4) and Fed. Civ. P. 12(b)(5).**

The Magistrate Judge erroneously determined that service of process on the LSUE Board was defective under Fed. Civ. P. 12(b)(5). As noted by the Magistrate Judge, service upon the LSUE Board was made on January 5, 2022. However, because the Magistrate Judge improperly concluded that the Board was not a proper defendant based on sovereign immunity, the Magistrate Judge additionally concluded service upon LSUE was improper and ineffectively void.

Because the LSUE Board is a proper defendant for the aforementioned reasons, and thus, not covered under the protections of sovereign immunity, service of process upon the LSUE Board on January 5, 2022, was not insufficient.

  **C.**  **The Magistrate Judge Erred in Ruling Claims Against Smith in his Official and Individual Capacity Should Be Dismissed under Fed. P. 12(b)(1) and Fed. Civ. P. 12(b)(6).**

5

The Magistrate Judge erroneously determined that Smith, in his official capacity, was covered by sovereign immunity as an employee of LSUE. Because LSUE and the LSUE Board are proper defendants and not covered under the protections of sovereign immunity, service of process upon Smith was not insufficient and plaintiff's claims made against Smith were properly made.

### D. Leave to Amend the Complaint under Fed. R. Civ. P. 15

Plaintiff acknowledges that additional facts were incorporated in the motion to dismiss procedures. As the LSU Board is an entity with the ability to be sued, Plaintiff requests that his honorable court grant leave to amend the complaint.

Rule 15(a) requires leave of court for such an amendment as this. "Leave shall be freely given when justice so requires." Fed. R. Civ. P. 15. In *Foman,* the Supreme Court held that though leave is to be "freely given," it need not be allowed if there is some "apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230, 9 L. Ed. 2d 222 (1962).

### **CONCLUSION**

For the foregoing reasons, the assigned District Judge should modify or reject the Report and Recommendation. Defendant's Motion to Dismiss should be

denied and a trial date should be set.

Dated: March 23, 2023

                                      Respectfully submitted,

                                      */s/ Keith Altman*
                                      Keith Altman, Esq.
                                      THE LAW OFFICE OF KEITH ALTMAN
                                      33228 West 12 Mile Road, Suite 375
                                      Farmington Hills, Michigan 48331
                                      Telephone: (248) 987-8929
                                      keithaltman@kaltmanlaw.com

                                      *Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I certify that I served the foregoing document upon all parties herein by filing copies of same using the ECF System, this 23rd day of March 2023.

*/s/ Keith Altman*
Keith Altman, Esq.
