WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| KIMONLYN MINOR | : | CIVIL ACTION NO. 6:21-CV-04036 |
| VERSUS | : | JUDGE ROBERT R. SUMMERHAYS |
| LOUISIANA STATE UNIVERSITY | : | MAGISTRATE JUDGE DAVID J. AYO |

: : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : :

### DEFENDANTS' MEMORANDUM IN RESPONSE TO PLAINTIFF'S OBJECTION TO THE REPORT & RECOMMENDATION OF MAGISTRAGE JUDGE DAVID J. AYO

**MAY IT PLEASE THE COURT:**

NOW COME, through undersigned counsel, Defendants, **LOUISIANA STATE UNIVERSITY AT EUNICE (hereinafter "LSUE"), the BOARD OF SUPERVISORS OF LOUISIANA STATE UNIVERSITY AGRICULTURAL AND MECHANICAL COLLEGE (erroneously referred to as "The LSUE Board of Supervisors)(hereinafter "the BOARD"), and KYLE SMITH, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS ASSOCIATE VICE CHANCELLOR FOR STUDENT AFFAIRS AND DEAN OF STUDENTS FOR LOUISIANA STATE UNIVERSITY AT EUNICE (hereinafter "DR. SMITH")**, who respectfully submit this Response to Plaintiff's Objection [Doc. 54] to the Report and Recommendation of Magistrate Judge David J. Ayo [Doc. 53], as set forth herein.

### I.     Standard of Review

Under the Federal Rules of Civil Procedure, when resolving objections to a magistrate judge's report and recommendations, "[t]he district judge must determine de novo any part of the magistrate judge's disposition *that has been properly objected to*." Fed. R. Civ. P. 72(b)(3).

II.     **Magistrate Judge Ayo did not err in finding that the Board is entitled to Eleventh Amendment Sovereign Immunity for Plaintiff's § 1983, warranting dismissal of such claims pursuant to Fed. R. Civ. P. 12(b)(1).**

Plaintiff, in her Objection to Magistrate Judge Ayo's Report and Recommendations [Docs. 53 and 54], erroneously asserts that ". . . the Magistrate Judge concluded that the LSUE Board was an arm of the State of Louisiana and is therefore barred from being sued based on sovereign immunity." [Doc. 54, pp. 3-4, P 1]. This argument significantly mischaracterizes Magistrate Judge Ayo's findings regarding the Board of Supervisors of Louisiana Agricultural and Mechanical College's entitlement to Eleventh Amendment sovereign immunity, especially since Magistrate Judge Ayo specifically found that:

> The Board is an arm of the State of Louisiana and, as such, entitled to sovereign immunity unless specifically waived. The State of Louisiana has not waived its sovereign immunity as to suits under *§ 1983*. Neither has Congress abrogated Louisiana's sovereign immunity as to suits under *§ 1983*. Considering the foregoing, this Court will recommend *dismissal of all claims against defendants LSUE and the Board by Plaintiff under 42 U.S.C. § 1983* pursuant to Fed. R. Civ. P. 12(b)(1) based on sovereign immunity.

[Doc. 53, p. 10]; citing *Raj v. Louisiana State University,* 714 F.3d 322, 329 (5th Cir. 2013); La. R.S. 13:5106(A); and *Champagne v. Jefferson Parish Sheriff's Office*, 188 F.3d 312, 314 (5th Cir. 1999).

Plaintiff is incorrect in her assertion that Magistrate Judge Ayo erred in dismissing claims brought against the Board under 42 U.S.C. § 1983, as the State of Louisiana has not waived its sovereign immunity as to suits brought under § 1983, and Congress has not abrogated the Louisiana's sovereign immunity with regards to the same. Therefore, Magistrate Judge Ayo's finding, dismissing all claims brought against the Board pursuant to 42 U.S.C. § 1983, should be adopted, and said claims should be dismissed, with prejudice, at Plaintiff's sole cost.

III.    **Magistrate Judge Ayo did not err in finding that LSUE lacked procedural capacity to be sued under Louisiana law, warranting dismissal of all claims**

**against LSUE.**

Plaintiff, in her Objection to the Magistrate Judge's report and recommendations, erroneously asserts that ". . . LSUE and the LSUE Board are proper defendants and not covered under the protections of sovereign immunity. . . ." [Doc. 54, p. 9]. This assertion also mischaracterizes the nature of Magistrate Judge Ayo's findings and reasoning for dismissing LSUE, since the Magistrate Judge specifically found that, "[t]o the extent that Plaintiff attempts to assert claims against LSUE directly, *such claims must be dismissed for lack of capacity*, as LSUE is not an entity capable of being sued under Louisiana law." [Doc. 54, p. 11]. It is well settled under the law that:

> [C]apacity to sue or be sued shall be determined by the law of the state in which the district court is held.' Fed. R. Civ. P. 17(b). Thus, Louisiana law controls here. *See, e.g.*, *Union Pac. R.R. Co. v. Taylor Truck Line, Inc.*, Civ. Action No. 15-0074, 2016 WL 7480504, at *3 (W.D. La. Oct. 31, 2016), *R&R adopted*, 2016 WL 7473776 (W.D. La. Dec. 28, 2016). To have the capacity to be sued under Louisiana law, an entity must qualify as a 'juridical person.' *Id*. (citing *Dejoie v. Medley*, 945 So.2d 968, 972 (La. App. 2d Cir. 2006)). A 'juridical person' is defined by the Louisiana Civil Code as '. . . an entity to which the law attributes personality, such as a corporation or partnership.' La. Civ. Code Art. 24. '[I]n the absence of law providing that an entity may sue or be sued, *the entity lacks such capacity*.' *Brown v. City of Alexandria*, Civ. Action No. 17-0798, 2018 WL 2425097, at *2 (W.D. La. May 29, 2018).

*David Green, et al. v. City of Monroe, et al.*, Civ. Action No. 22-00884, 2023 WL 2773543, at *8 (W.D. La. March 16, 2023); see also *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 3114 (5th Cir. 1991)(affirming district court's dismissal of a defendant, with prejudice, because it could not be sued as an independent entity.).

Therefore, since LSUE lacks the procedural capacity to be sued, Magistrate Judge Ayo properly found that LSUE is not an entity which is capable of being sued under Louisiana law, and as such, all claims against LSUE must be dismissed, with prejudice, at Plaintiff's sole cost.

**IV.**     **Magistrate Judge Ayo did not err in finding Service of Process on the Board was insufficient pursuant to Fed. R. Civ. P. 12(b)(5), La. R.S. 13:5107, and La. R.S. 39:1538.**

Once again, Plaintiff has mischaracterized the Magistrate Judge's findings and rulings with regards to the claims dismissed pursuant to Fed. R. Civ. P. 12(b)(5). Plaintiff simply asserts the conclusory statement that, "[b]ecause the LSUE Board is a proper defendant . . . and thus, not covered under the protections of sovereign immunity, service of process upon the LSUE Board on January 5, 2022, was not insufficient." [Doc. 54, p. 8]. As set forth above, Magistrate Judge Ayo properly found that the Board of Supervisors of Louisiana State University Agricultural and Mechanical College was entitled to sovereign immunity *from Plaintiff's § 1983 claims*.

However, with regards to the identity of the party-defendants in this matter, Magistrate Judge Ayo correctly found that, "[a]lthough Plaintiff made a highly technical edit to the amended complaint's list of parties . . . LSUE remains designated as a party to the suit and necessarily interpreted as a party defendant." [Doc. 53, pp. 10-11]. This finding was based on the fact that both the Original and Amended Complaints designate specific causes of actions and allegations against "Defendant LSUE."

Plaintiff simply concludes that because the Board is a juridical entity, service of process was sufficient. This argument must fail under Fed. R. Civ. P. 4(m), 12(b)(4), and 12(b)5), in addition to the provisions of La. R.S. 13:5107 and La. R.S. 39:1538, since the summons is specifically addressed to "*Louisiana State University at Eunice*," which Magistrate Judge Ayo appropriately pointed out *lacks the capacity to be sued under Louisiana law*. [Doc. 8; Doc. 53, p. 12]. However, this conclusory argument does not address the fact that Plaintiff failed to meet her burden of demonstrating proper service, because, "[r]ather than demonstrating that service was made according to the provisions cited above, Plaintiff argues that 'LSUE was served through their

legal representatives, making service proper.' [Doc. 53, p. 12; citing Doc. 46, p. 11].

Additionally, Plaintiff failed to comply with the provisions of La. R.S. 13:5107 and La. R.S. 39:1538, which requires service on the Attorney General, the <u>head of the department or agency</u> involved; and on the Office of Risk Management within ninety days of filing suit. Magistrate Judge Ayo correctly found that Plaintiff has presented no grounds showing good cause for the failure to effectuate sufficient service on the Board, noting that ". . . the record in this case is replete with delay, obstinance, and a lack of any demonstrated effort to effect service as required. . . . Plaintiff's own failure to make service according to Rule 4(m) and Louisiana law is not excused by virtue of her *pro se* status." [Doc. 53, p. 15]; citing *Systems Signs Supplies v. U.S. Dept. of Justice, Washington D.C.*, 903 F.2d 1011, 1013 (5th Cir. 1990).

Defendants contend that Plaintiff's reliance on service of process on LSUE, which lacks the capacity to be sued, as sufficient service on the Board, despite never having effectuated proper service on the Board, lack merit. Further, the Magistrate Judge correctly found that Plaintiff's failure to properly effectuate service on the Board warrants dismissal under the law.

**V.    <u>Magistrate Judge Ayo did not err in finding that Dr. Smith, in his official capacity, was entitled to sovereign immunity from Plaintiff's § 1983 claims, and Plaintiff failed to allege facts sufficient to state a plausible claim which would overcome the *Ex Parte Young* exception.</u>**

Plaintiff merely asserts the conclusory argument that Magistrate Judge Ayo erred in finding that Dr. Smith, in his official capacity, was entitled to sovereign immunity, "[b]ecause LSUE and the LSUE Board are proper defendants and not covered under the protections of sovereign immunity, service of process upon Smith was not insufficient and plaintiff's claims against Smith were properly made." [Doc. 54, p. 9]. This argument is wholly conclusory and unsupported by the facts established in the record in this matter.

Magistrate Judge Ayo properly found, and the record unequivocally supports, the fact that

Dr. Smith, in his official capacity, is entitled to sovereign immunity from Plaintiff's § 1983 claims. Further, to the extent that Plaintiff attempted to assert and/or allege a claim for injunctive relief and, to the extent that she sought to assert liberty or property interest deprivation, her allegations are insufficient to state a plausible claim for relief. Further, as Magistrate Judge Ayo properly found, ". . . Plaintiff does not dispute, that her dismissal was based on her accrual of two unsatisfactory or failing grades in nursing curriculum courses during her enrollment." [Doc. 53, p. 22]. As such, Plaintiff's failure to allege facts sufficient to establish a plausible claim for relief against Dr. Smith, in his official capacity, under § 1983, and the Magistrate Judge appropriately recommended the dismissal of these claims.

**VI.**   **Magistrate Judge Ayo did not err in finding that Dr. Smith, in his individual capacity, was entitled to dismissal of Plaintiff's ADA, Rehabilitation Act, and § 1983 claims pursuant to Fed. R. Civ. P. 12(b)(6).**

Magistrate Judge Ayo properly found that that Dr. Smith, in his individual capacity, was entitled to dismissal of all Title II ADA and Section 504 Rehabilitation Act claims asserted against him, as it is well settled under the law that "neither Title II of the ADA, nor Section 504 of the Rehabilitation Act establish causes of action against government officials in their individual capacities."[Doc. 53, p. 23]; citing *Lollar v. Baker*, 196 F.3d 603, 609 (5th Cir. 1999). Further, federal law prohibits the Plaintiff from asserting § 1983 claims for violations of the ADA or Section 504 of the Rehabilitation Act against Dr. Smith, individually.

Additionally, as it pertains to Plaintiff's claims against Dr. Smith in his individual capacity brought under 42 U.S.C. § 1983, the pleadings and record in this matter very clearly show that Plaintiff's Original and Amended Complaints fail to allege facts sufficient to state a plausible claim for relief against Dr. Smith, individually, under § 1983. The deficiencies in the Complaints make clear that Plaintiff has failed to meet her burden to plead facts sufficient to state a § 1983 claim

against Dr. Smith, in his individual capacity, and Magistrate Judge Ayo did not err in finding that such claims must be dismissed, with prejudice.

### VII.   Plaintiff should not be granted leave to amend her complaint.

Fed. Rul. Civ. P. 15(a) requires a district court "to grant leave to amend freely;" however, leave to amend is not automatic. *Avatar Expl., Inc. v. Chevron USA, Inc.*, 933 F.2d 314, 320 (5th Cir. 1991). Additionally, the United States Fifth Circuit Court of Appeal has established that the determination of whether to grant a party leave to amend a complaint requires consideration of: 1) undue delay; 2) bad faith or dilatory motive; 3) repeated failure to cure deficiencies by previous amendments; 4) undue prejudice to the opposing party; and 5) futility of the amendment. *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003)(citing *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L.Ed. 222(1962)).

Defendants point out that Plaintiff made no objection to Magistrate Judge Ayo's ruling that the new allegations asserted within the Opposition to the Defendants' Motion to Dismiss would not be considered. [Doc. 53, pp. 8-9]. Plaintiff filed absolutely no opposition to the Defendants' first Motion to Dismiss. [Doc. 10]. Further, despite having failed to oppose the first Motion to Dismiss, Plaintiff was afforded the opportunity to amend her complaint with the benefit of having already received the Defendants' briefings on the dispositive motion. [Doc. 26; Doc. 27; Doc. 29; Doc. 31; and Doc. 33]. However, Plaintiff's Amended Complaint still wholly failed to cure its deficiencies such that it could overcome a Rule 12(b) motion. [Doc. 33; Doc. 53, p.

Additionally, Plaintiff's repeated failure to cure the deficiencies by her previous amendment to the Complaint, especially after briefing on the first dispositive motion had been complete, and failure to object to the Magistrate Judge's proper denial to consider newly asserted allegations in the Opposition, should lead this Honorable Court to find that allowing further

amendments would cause undue prejudice to the defendants. This is especially so, since Plaintiff's claims are now time barred and have prescribed, rendering any such amendment futile, and Plaintiff has had the second benefit of having received the Defendants' briefings on the second Motion to Dismiss. [Doc. 37 & Doc. 53, pp. 13-15]. As such, Defendants' respectfully request that this Court deny Plaintiff's request to file a third Amended Complaint in light of Plaintiff's repeated failures to cure the deficiencies in the complaint, and the undue prejudice that the Defendants' would suffer as a result.

### VIII.   Conclusion

For the reasons outlined above, Defendants respectfully contend that the District Judge should adopt Magistrate Judge Ayo's Report and Recommendation [Doc. 53], dismissing Plaintiff's claims, with prejudice. Defendants further request that the District Judge deny Plaintiff's request for leave to file a third amended complaint, where Plaintiff has failed to cure deficiencies by the amendments previously allowed; where the Defendants would suffer undue prejudice by virtue of the allowance of the amendment; and where such amendment would be futile in light of the fact that Plaintiff's claims are now time barred and prescribed.

Respectfully submitted:

**JEFF LANDRY**
**ATTORNEY GENERAL**

*/s/ Cranay D. Murphy*
Cranay D. Murphy (36600)
Assistant Attorney General
Louisiana Department of Justice –
Division of Risk Litigation
556 Jefferson Street, 4th Floor
Lafayette, Louisiana  70501
Telephone: (337) 262-1700
Facsimile: (337) 262-1707
Email: Murphyc@ag.louisiana.gov
Counsel  for  Defendants,  Louisiana  State

University at Eunice, the Board of
Supervisors of Louisiana State University
Technical and Mechanical College, and Kyle
Smith, individually and in his official
capacity as Vice Chancellor for Student
Affairs and Dean of Students for Louisiana
State University at Eunice